<span style="color:red">
**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000102
17-MAY-2022
07:52 AM
Dkt. 79 SO**
</span>

NO. CAAP-19-0000102

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOHN P. DUNBAR, Plaintiff-Appellant,
v.
STATE OF HAWAIʻI, HOLLY T. SHIKADA, OFFICE OF
THE ATTORNEY GENERAL, COUNTY OF MAUI, ANDREW
H. MARTIN, RICHARD K. MINATOYA, RYAN ANDERSON-
TESHIMA, BYRON Y. FUJIEDA, DEPARTMENT OF
PROSECUTING ATTORNEY, JOHN PELLETIER, MAUI
POLICE DEPARTMENT, GERVIN MIYAMOTO, U.S.
MARSHAL'S OFFICE DISTRICT OF HAWAIʻI,
Defendants-Appellees,[1]
and
JOHN AND JANE DOES 1-10, DOE GOVERNMENT
AGENCIES 1-10, DOE CORPORATIONS 1-10, AND
OTHER DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO.  18-1-0326)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant, John P. Dunbar (**Dunbar**), self-represented, appeals from the 1) "Order Granting Defendants County of Maui, John D. Kim, Richard K. Minatoya, Ryan Anderson-Teshima, Department of the Prosecuting Attorney, Gary Yabuta and

---

[1]     We have corrected the spelling of the last name of Defendant-Appellee Ryan Anderson-Teshima in the caption, as "Teshima" instead of "Tashima," which was incorrect.

The Notice of Appeal also contained the name "L. Y. Tam Ho, Jr." (**Tam Ho**) in the caption, which we have removed, because Tam Ho was not named in Dunbar's original complaint, was not a party to the proceedings below, and is not a party to this appeal.  The record shows that Tam Ho was listed for the first time in the caption of Dunbar's December 12, 2018 "Plaintiff's Motion for Leave to File Amemded [sic] Complaint and Memorandum in Support of Plaintiff's Motion" that was never disposed of, since the case was dismissed.

Maui Police Department's [(**County**)] Motion to Dismiss or, in the Alternative, for Summary Judgment, as to Plaintiff John P. Dunbar's Complaint for Malicious Prosecution, Abuse of Process, Criminal Conspiracy, Libel" (**County's Order Granting Dismissal**);[2] and 2) "Order Granting Defendants David M. Louie, Office of the Attorney General and the State of Hawaii's [(**State**)] Motion to Dismiss with Prejudice" (**State's Order Granting Dismissal**),[3] both filed on January 24, 2019 by the Circuit Court of the Second Circuit (**Circuit Court**).[4]

On appeal,[5] Dunbar contends that the Circuit Court erred by (1) failing to enter findings and conclusions following its dismissal of Dunbar's complaint, (2) failing to "mention[] that the underlying matter was, in fact, terminated" in Dunbar's favor; and (3) "determining as a matter of law" for Dunbar's malicious prosecution claim, that "sufficient evidence to establish probable cause" existed to initiate Dunbar's prosecution.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dunbar's points of error as follows, and affirm.

The pertinent procedural history is as follows. This appeal arises out of the dismissal of Dunbar's August 3, 2018 civil Complaint against the State and the County alleging malicious prosecution, abuse of process, criminal conspiracy and

---

[2]     Pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1), Andrew H. Martin, Maui Prosecuting Attorney is substituted for John D. Kim, and John Pelletier, Maui Chief of Police is substituted for Gary Yabuta.

[3]     Pursuant to HRAP Rule 43(c)(1), Holly T. Shikada, Attorney General of the State of Hawaiʻi is substituted for David M. Louie.

[4]     The Honorable Rhonda I.L. Loo presided.

[5]     Dunbar's Opening Brief fails to provide any record references as required by HRAP Rule 28(b)(3), (b)(4)(ii)-(iii), (b)(4)(C), and (b)(7). Nevertheless, to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address Dunbar's appeal on the merits to the extent his arguments can be discerned.

libel arising out of a prior criminal prosecution of Dunbar.  In the prior prosecution, Dunbar was charged in 2014 with failing to provide buccal swab samples after having been convicted of a felony offense.  See State v. Dunbar, 139 Hawaiʻi 9, 11, 383 P.3d 112, 114 (App. 2016).  The circuit court granted Dunbar's motion to dismiss where Dunbar claimed that the State had not requested his DNA sample while he was on probation and that he was no longer required to provide a DNA sample because he had completed his probation.  Id. at 12, 383 P.3d at 115.  We upheld the circuit court's dismissal order, holding that pursuant to the relevant provisions in HRS Chapter 844D Part III, "Dunbar was no longer required to provide a buccal swab sample after he had been discharged from probation for his felony offense."  Id. at 11, 383 P.3d at 114.

In the current civil action, the Circuit Court granted both the County's motion to dismiss and the State's motion to dismiss; and with respect to the malicious prosecution claim pertinent to this appeal, ruled as follows:[6]

> Plaintiff's claims for malicious prosecution, abuse of process, and false imprisonment fail as there was probable cause for Plaintiff's arrest and prosecution.
>
> Probable cause is evidenced by the fact that Judge Kobayashi of the district court made specific findings of probable cause in the arrest warrant, and the Court also finds that the judge's determination of probable cause was not nullified because the ICA later found that the statutory basis for bringing the charges were erroneous.

**FOFs/COLs not required**

Dunbar's first contention that no FOFs or COLS were prepared by the Circuit Court in violation of HRAP Rule 10(f)[7] is

---

[6]     The County's motion was heard on December 11, 2018, and the State's motion was heard on December 13, 2018.  The Circuit Court's oral rulings with respect to the malicious prosecution claim were virtually identical.

[7]     HRAP Rule 10(f), entitled "Request for findings of fact and conclusions of law," provides:

> In all actions where the court appealed from is not required to enter findings of fact and conclusions of law prior to the entry of an order, judgment, or decree, but is required to do so once a notice of appeal is filed, the appellant shall, no later than 10 days after filing the notice of

(continued...)

without merit.  HRAP Rule 10(f) applies to "actions where the court appealed from is not required" to enter FOFs/COLs, "but is required to do so once a notice of appeal is filed."  Circuit court civil actions are governed by the Hawaiʻi Rules of Civil Procedure (**HRCP**), which do not require FOFs/COLs for the types of motions at issue here, regardless of whether a notice of appeal is filed or not.  HRCP Rule 52, entitled "Findings by the Court," subsection (a) provides in relevant part:

> **Effect.**  In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; . . . <u>Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56</u> . . . . .

(Emphasis added).  Thus, HRCP Rule 52(a) expressly does not require a circuit court to enter FOFs/COLs for motions to dismiss under HRCP Rules 12 and motions for summary judgment under HRCP Rule 56.

### The "failure to mention" contention is waived

Dunbar's contention that the Circuit Court erred by failing to "mention[] that the underlying matter was, in fact, terminated" in Dunbar's favor, is not supported by any record references, any legal authority, or any argument, and is waived.  <u>See</u> HRAP Rule 28 (b)(4)(ii), (b)(7).  Assuming <u>arguendo</u> the contention is not waived, the Circuit Court's oral rulings quoted <u>supra</u> show that the Court did find that the underlying matter was terminated in Dunbar's favor.

---

[7](...continued)
> appeal, file in the court appealed from a request for entry of findings of fact and conclusions of law, naming the judge who tried the action and entered the order, judgment, or decree being appealed.  The appellant shall attach a filed copy of the notice of appeal to the request.  The named judge shall enter the requested findings of fact and conclusions of law within 28 days after the request has been filed.  To aid the court, the court may order the parties or either of them to submit proposed findings of fact and conclusions of law after the filing of the request.  Upon showing of good cause, the appellate court may, on motion and notice made by the clerk of the court or a party, extend the time to file findings of fact and conclusions of law.

(Emphasis added).

**No disputed material facts as to probable cause**

With regard to the malicious prosecution claim, Dunbar contends that there was sufficient evidence to create a genuine issue of material fact as to the existence of probable cause to initiate the prosecution against Dunbar.  Dunbar argues that:

> an affidavit in support of warrant signed by Defendant-Appellee L. Y. Tam Ho, Jr., in which Ho swears that Plaintiff-Appellant <u>was convicted of the felony offense of "Escape in the second degree" when, in fact, Plaintiff had been acquitted of that very offense on March 1, 2005</u> at a bench trial in Maui second circuit court.  It is quite clear that Judge Kobayashi wholly abandoned his judicial role by serving as a mere rubber stamp for the ex-police officer Tam Ho who sought the warrant.  Judge Kobayashi never considered a probable-cause determination.  Tam Ho never possessed a good-faith belief in the validity of the arrest warrant because he was biased and knew it to be invalid when he signed the affidavit in support of it.  When viewed in the light most favorable to Plaintiff-Appellant, Defendants-Appellees evidence fails to establish any reasonable basis for prosecuting Plaintiff-Appellant.
>
> <u>On March 1, 2005, Plaintiff-Appellant</u>, an honorably retired U.S. Navy SEAL and Vietnam-era Veteran, <u>was convicted of the</u> non-violent [*uncharged*] <u>offense of Attempted escape in the second degree in 2005</u> [*from an unlawful arrest lacking probable cause and where excessive force was used by police*] <u>and sentenced to a term of probation</u> that lasted until his early release and discharge in 2008.

Opening Brief at 11-12 (emphases added).  Dunbar's argument above appears to claim that (1) the affidavit should not have stated that Dunbar "was convicted" of "Escape in the second degree" when Dunbar was "acquitted" of that offense on March 1, 2005; and (2) on March 1, 2005 Dunbar "was convicted" of "Attempted escape in the second degree[.]"  <u>Id.</u>  We construe Dunbar's argument as asserting that there were genuine issues of material fact with the probable cause finding by Judge Kobayashi, because the investigator's affidavit in support of the arrest warrant stated that Dunbar was convicted of the felony of escape in the second degree, instead of ***attempted*** escape in the second degree.

Because the Circuit Court considered matters outside the pleadings, we apply a summary judgment standard of review for the motions to dismiss.  <u>See</u> <u>Goran Pleho, LLC v. Lacy</u>, 144 Hawaiʻi 224, 236, 439 P.3d 176, 188 (2019) ("[a] motion seeking dismissal of a complaint is transformed into a [HRCP] Rule 56 motion for summary judgment when the circuit court considers

matters outside the pleadings.") (quoting <u>Wong v. Cayetano</u>, 111 Hawaiʻi 462, 476, 143 P.3d 1, 15 (2006) (internal quotation marks and citations omitted)).  On appeal, we review the grant or denial of summary judgment de novo.  <u>Ralston v. Yim</u>, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (citation omitted).  "[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>Id.</u>

A claim for malicious prosecution requires proof "(1) that the prior proceedings were terminated in the plaintiff's favor; (2) that the prior proceedings were initiated without probable cause; and (3) that prior proceedings were initiated with malice."  <u>Reed v. City & Cty. of Honolulu</u>, 76 Hawaiʻi 219, 230, 873 P.2d 98, 109 (1994) (emphasis, brackets and citations omitted).  Dunbar's contention focuses on the second element that "the prior proceedings be initiated without probable cause."  <u>Id.</u> "Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed."  <u>State v. Navas</u>, 81 Hawaiʻi 113, 116, 913 P.2d 39, 42 (1996) (citation omitted).

The arrest warrant and probable cause determination were based on the suspicion that Dunbar had violated HRS §§ 844D-31(a) and -111(a) by failing to provide a buccal swab.  HRS § 844D-31(a)(2014) requires individuals convicted of "***any*** felony offense" to provide a buccal swab sample.  (Emphasis added.)  The affidavit stated that Dunbar was convicted of the felony offense of "Escape in the Second Degree[,]" and that Dunbar had refused to comply with requests to provide a buccal swab sample, leading to the investigator's belief that Dunbar "appears to have violated H.R.S. § 844D-111(a)[.]"[8]

_____

[8]     At the time of the alleged offense in this case, HRS § 844D-111 (2014) provided:

(continued...)

"A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Goran Pleho, LLC, 144 Hawaiʻi at 236, 439 P.3d at 188 (internal citations omitted) (quoting Balthazar v. Verizon Hawaii, Inc., 109 Hawaiʻi 69, 72, 123 P.3d 194, 197 (2005). The fact that Dunbar was convicted of an attempt to commit the substantive offense of second-degree escape, rather than the second-degree escape itself, is not a material distinction where both offenses carry the same penalty. See HRS § 705-502 (2014) ("An attempt to commit a crime is an offense of the same class and grade as the most serious offense which is attempted.") The distinction between a second-degree escape and an *attempted* second-degree escape conviction is immaterial to the probable cause determination, where it is undisputed that Dunbar was convicted of a felony and thus subject to HRS § 844D-31(a). See State v. McKnight, 131 Hawaiʻi 379, 394, 319 P.3d 298, 313 (2013) (holding that where "[t]he issuing judge misdated the warrant, but the actual date of issuance was never in dispute" and there was probable cause, the warrant was valid). That the undisputed fact of a felony escape conviction was missing the word "attempted" did not create a genuine disputed issue of *material* fact as to whether probable cause, an essential element of a malicious prosecution claim, was established. See Goran Pleho, LLC, 144 Hawaiʻi at 236, 439 P.3d at 188. The Circuit Court did not err in granting the motions to dismiss the malicious

---

[8](...continued)
      **§ 844D-111** Refusal or failure to provide specimen for forensic identification. (a) A person commits the offense of refusal or failure to provide specimen for forensic identification if the person is required by this chapter to provide any blood specimens, buccal swab samples, or print impressions and intentionally or knowingly refuses or fails to provide any of the required blood specimens, buccal swab samples, or print impressions after the person has received written notice from the department, the department of public safety, any law enforcement personnel, or officer of the court that the person is required to provide each and every one of the blood specimens, buccal swab samples, and print impressions required by this chapter.
      (b) Any person who negligently or recklessly fails to comply with this section shall be guilty of a misdemeanor.

Dunbar, 139 Hawaiʻi at 10 n.1, 383 P.3d at 113 n.1 (quoting HRS § 844D-111).

7

prosecution claim.  See <u>Ralston</u>, 129 Hawaiʻi at 55, 292 P.3d at 1285.

For the foregoing reasons, the (1) "Order Granting Defendants County of Maui, John D. Kim, Richard K. Minatoya, Ryan Anderson-Teshima, Department of the Prosecuting Attorney, Gary Yabuta and Maui Police Department's Motion to Dismiss or, in the Alternative, for Summary Judgment, as to Plaintiff John P. Dunbar's Complaint for Malicious Prosecution, Abuse of Process, Criminal Conspiracy, Libel"; and the 2) "Order Granting Defendants David M. Louie, Office of the Attorney General and the State of Hawaii's Motion to Dismiss with Prejudice," both filed and entered on January 24, 2019 by the Circuit Court of the Second Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, May 17, 2022.

On the briefs:

John P. Dunbar
Self Represented Plaintiff-
Appellant

Ewan C. Rayner
Deputy Solicitor General
for Defendants-Appellees
Holly T. Shikada, Department
of the Attorney General and
State of Hawaiʻi

Caleb P. Rowe
Deputy Corporation Counsel
County of Maui
for Defendants-Appellees
County of Maui, Andrew H.
Martin, Department of the
Prosecuting Attorney, John
Pelletier, Maui Police
Department

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge